1
Shalem A. Massey (California Bar No. 143281)
**BRYAN CAVE LLP**
2
3161 Michelson Drive, Suite 1500
Irvine, California 92612-4414
3
Telephone:   (949) 223-7000
Facsimile:   (949) 223-7100
4
E-mail:       shalem.massey@bryancave.com

5
James C. Pettis (California Bar No. 223953)
**BRYAN CAVE LLP**
6
120 Broadway, Suite 300
Santa Monica, California 90401-2386
7
Telephone:   (310) 576-2100
Facsimile:   (310) 576-2200
8
E-mail:       james.pettis@bryancave.com

9
Attorneys for Defendant
URS CORPORATION

10

11

12

13

> FILED
> CLERK, U.S. DISTRICT COURT
>
> DEC 1 7 2010
>
> CENTRAL DISTRICT OF CALIFORNIA
> BY                            DEPUTY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**CV10-09751 PSG (MAN)**

| | |
|---|---|
| THE ESTATE OF MARK GRAZIANO, HELEN GRAZIANO, an individual, and GARY GRAZIANO, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>JT3, L.L.C., a California Limited Liability Corporation; URS CORPORATION, a California Corporation; RAYTHEON TECHNICAL SERVICES COMPANY, a California Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT URS CORPORATION'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331, 1442(a)(1), AND 1441(b)**<br><br>**(FEDERAL OFFICER AND FEDERAL ENCLAVE)** |

COPY

BRYAN CAVE LLP
2020 MAIN STREET, SUITE 600
IRVINE, CALIFORNIA 92614

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO ALL
2   PARTIES AND THEIR ATTORNEYS OF RECORD:
3       PLEASE TAKE NOTICE that defendant URS Corporation ("URS") removes
4   to this Court the action described below from the Superior Court of the State of
5   California for the County of Los Angeles to the United States District Court for the
6   Central District of California.  Co-defendants Raytheon Company ("Raytheon"),
7   Raytheon Technical Services Company LLC ("RTSC"), and JT3 LLC ("JT3") also
8   consent and join in this removal as stated in attachment on page 7.
9   **I.   BACKGROUND**
10      1.   Plaintiffs filed their Complaint in this action in the Superior Court of
11  the State of California, County of Los Angeles, *The Estate of Mark Graziano, et al.*
12  *v. JT3, L.L.C., et al.,* Case No. BC448602, on November 3, 2010 (the "State Court
13  Action").   A copy of the Complaint and other pleadings filed in the State Court
14  Action are attached as Exhibit A.
15      2.   The Complaint arises out of a US Air Force airplane crash near
16  Edwards Air Force Base ("AFB"), California on 21 May 2009.  Plaintiffs seek
17  damages for negligence and wrongful death.
18      3.   URS was served with the Complaint on November 18, 2010, and filed
19  an Answer in the State Action on December 16, 2010 (Ex. B).
20      4.   RTSC and JT3 were not served with the Complaint.  Plaintiffs filed an
21  Amendment to the Complaint on December 8, 2010, adding Raytheon as a
22  defendant in place of "Doe 1" (Ex. A).  Raytheon, RTSC, and JT3 consent to, and
23  joint in, this removal and filed Answers in the State Action on December 17, 2010,
24  prior to the removal (Ex. C).
25      5.   JT3 is a joint venture between URS and RTSC.  The Complaint asserts
26  claims against all defendants based on JT3's alleged negligent maintenance
27  performed for and under the direction of the Air Force at Edwards AFB.
28

BRYAN CAVE LLP
2020 MAIN STREET, SUITE 600
IRVINE, CALIFORNIA 92614

1    6.    Plaintiffs allege that JT3 "was dedicated to providing engineering,
2  technical support management and maintenance at four western ranges, the Air
3  Force Test Center (AFFTC) at Edwards Air Force Base … JT3 employs civilian
4  aircraft mechanics who where responsible for the maintenance of the" US Air
5  Force's T-38A military aircraft. "Defendants were the civilian organization
6  responsible for maintaining the subject aircraft since as early as 2003."

7    7.    Decedent, Air Force Captain Mark Graziano, was a test pilot stationed
8  at Edwards AFB. He was assigned to the 412th Test Wing and flew T-38A Talon
9  military airplanes. On 21 May 2009, the T-38A he was flying, tail number 68-8153,
10 crashed approximately 12 miles from Edwards, and he died. The flight's navigator,
11 Major Lee Vincent Jones, ejected and survived.

12   8.    Plaintiffs allege that the crash was caused by the negligent maintenance
13 performed by JT3 for the Air Force at Edwards AFB. Specifically, that a bolt
14 securing the "rudder operating mechanism" was improperly secured and eventually
15 backed out of its location allowing two critical components to separate, thus
16 disconnecting the flight controls from the rudder actuators. This caused the rudder
17 to deflect 30 degrees left, inducing a uncontrollable yaw, which incapacitated the
18 Decedent and navigator Jones. The Decedent never recovered and died when the
19 airplane crashed. Major Jones ejected and allegedly sustained "serious injuries."

20 **II.    BASIS FOR REMOVAL**

21 **A.    Federal Officer Removal Is Proper Under 28 U.S.C. Section**
22 **1442(a)(1)**

23   9.    Removal is proper under 28 U.S.C. section 1442 (a)(1) when the
24 defendant seeking removal demonstrates (a) that it is a "person" within the meaning
25 of the statute; (b) a causal nexus between its actions, taken pursuant to a federal
26 officer's directions and under the color of federal office, and the plaintiff's claims;
27 and (c) asserts a "colorable federal defense." *Mesa v. California*, 489 U.S. 121,
28 124-25, 134-35 (1989).

BRYAN CAVE LLP
2020 MAIN STREET, SUITE 600
IRVINE, CALIFORNIA 92614

10.    Each of the named defendants is a "person" within the meaning of 28 U.S.C. section 1442(a)(1). *Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D. Cal. 1992) (finding that a corporate defendant was a "person" within the meaning of 28 U.S.C. § 1442(a)(1)).

11.    Plaintiffs' Complaint alleges claims against all defendants, including URS, for negligent maintenance at Edwards AFB performed by JT3 for the Air Force, which they claim caused the crash and Decedent's fatal injuries.

12.    Maintenance performed at Andrews AFB is undertaken pursuant to extensive control by the Air Force. The hiring of civilian mechanics, maintenance procedures, maintenance documents, inspections, maintenance training policies, and maintenance training execution are all controlled by the Air Force. The Air Force has exhaustive governing directives and publications that control all these aspects of maintenance and training, including: Air Force Technical Orders ("AFTO"), Integrated Maintenance Data Systems ("IMDS"), Time Compliance Technical Orders ("TCTO), Air Force Instructions ("AFI"), High Performing Organization ("HPO") programs, and Civilian Master Training Plans ("CMTP").

13.    Any and all maintenance and training allegedly performed by JT3 at Edwards AFB was subject to this extensive Air Force control, directives, and publications.

14.    Such Air Force control demonstrates that JT3 was "acting under" the direction of a federal officer when that officer had "direct and detailed control" over it. *See Fung v. Abex Corp.*, 816 F. Supp. 569, 572 (N.D. Cal. 1992); *Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 137-138 (2nd Cir. 2008). Plaintiffs' Complaint alleges that JT3 negligently performed maintenance for the Air Force on the accident T-38A aircraft at Edwards AFB for which all Defendants, including URS, are responsible, and that such maintenance, performed under the direction of the Air Force, caused the accident.

BRYAN CAVE LLP
2020 MAIN STREET, SUITE 600
IRVINE, CALIFORNIA 92614

BRYAN CAVE LLP
2020 MAIN STREET, SUITE 600
IRVINE, CALIFORNIA 92614

15. URS satisfies the "causal nexus" requirement because Plaintiffs' claims arise directly from JT3's (and thereby its) acts under color of federal office; *i.e.*, Decedent's death was caused by alleged negligent maintenance performed by JT3 pursuant to Government contracts and under extensive Government control. *Mesa*, 489 U.S. at 131-132.

16. URS asserts a colorable federal defense, namely the "government contractor" defense primarily based on *Boyle v. United Technologies, Inc.*, 487 U.S. 500 (1988), and applied to maintenance contracts in *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329 (11th Cir. 2003). The *Hudgens* court rearticulated the elements of the "government contractor" defense for cases involving negligent maintenance.

17. Based on the allegations contained in Plaintiffs' Complaint, which control for purposes of determining removal jurisdiction, and the Government's extensive contracts and control, the government contractor defense is colorable and federal officer jurisdiction is proper. Each defendant has plead this defense in its Answer and each has the right to have its government contractor defense decided in federal court.

18. Accordingly, URS is entitled to remove this action pursuant to 28 U.S.C. section 1441(b).

**B. Federal Enclave Removal Is Proper Under 28 U.S.C. Sections 1331 and 1441(b)**

19. Removal is appropriate under 28 U.S.C. section 1441(b) ("federal enclave"), which states that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution . . . shall be removable without regard to citizenship or residence of the parties." *Id.* This Court has original jurisdiction over "all civil actions arising under the Constitution . . . of the United States." 28 U.S.C. § 1331. This action arises under the Constitution because the "United States has power and exclusive authority 'in all

1  Cases whatsoever . . . over all places purchased' by the government 'for the erection
2  of 'Forts, Magazines, Arsenals, Dock-Yards, and other needful Buildings,' U.S.
3  Conts. art. I, § 8, cl. 17. Such places are 'federal enclaves' within which the United
4  States has exclusive jurisdiction." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1034
5  (10th Cir. 1998). Wrongful death actions for accidents that arise from acts
6  occurring on federal enclaves may be removed to the federal district court as a part
7  of federal question jurisdiction. *Id.*

8        20.    Federal question jurisdiction exists here because Plaintiffs' claims arise
9  out of events that occurred on a federal enclave. First, a US Air Force Base is a
10  federal enclave. *See, e.g.*, 18 U.S.C. § 7(3); *Akin*, 156 F.3d at 1034; *Anderson v.*
11  *Crown Cork & Seal*, 93 F.Supp.2d 697, 702 (E.D. Va. 2000). Second, Plaintiffs'
12  causes of action are based on JT3's alleged negligent maintenance of aircraft that
13  was performed at Edwards. *See Akin v. Big Three Indus.*, 851 F.Supp. 819, 822
14  (E.D. Tex. 1994) (claims arising from US Air Force aircraft maintenance at an Air
15  Force base are properly removed under federal enclave jurisdiction). Therefore, the
16  case may be properly removed based on "federal enclave" jurisdiction.

17  **III.    PROCEDURAL COMPLIANCE**

18        21.    The State Court Action was pending before the Superior Court for the
19  County of Los Angeles. Because this Court is the United States District Court for
20  the district and division embracing the place were the original action was filed, it is
21  the appropriate Court for removal under 28 U.S.C. section 1446.

22        22.    Pursuant to 28 U.S.C. section 1446(a), attached as Exhibit A are copies
23  of "all process, pleadings, and orders served upon" URS. A copy of this notice has
24  been served on all parties of record and will be filed with the Clerk of the Superior
25  Court for the County of Los Angeles.

26        23.    This Notice of Removal is timely filed by URS within thirty days of
27  November 18, 2010, when URS was served with the Complaint.

28        24.    Because URS satisfies the requirements for removal under 28 U.S.C.

BRYAN CAVE LLP
2020 MAIN STREET, SUITE 600
IRVINE, CALIFORNIA 92614

1  section 1442(a)(1) (federal officer), it is entitled to remove this entire action and

2  joinder of other defendants is not required. *Ely Valley Mines, Inc. v. Hartford Acc.*

3  *& Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981).

4      25.    Consent is required from all defendants who were served with the

5  Complaint in the State Court Action to remove the action to this Court under Section

6  1441(b) (federal enclave).  All Defendants have consented to the removal of the

7  State Court Action.  The written consents and joinders of co-defendants Raytheon,

8  RTSC, and JT3 are attached in this Notice below.

9      26.    URS will give notice of the filing of this Notice as required by 28

10  U.S.C. section 1442(a)(1).

11      27.    **WHEREFORE**, URS requests that this action proceed in this Court as

12  a properly removed action.

13

14  Dated:  December 17, 2010                Respectfully submitted,

15                                          Shalem A. Massey
                                            James C. Pettis
16                                          **BRYAN CAVE LLP**

17

18                                          By: _____

19                                              James C. Pettis
                                            Attorneys for Defendant
20                                          URS CORPORATION

21

22

23

24

25

26

27

28

BRYAN CAVE LLP
2020 MAIN STREET, SUITE 600
IRVINE, CALIFORNIA 92614

# RAYTHEON COMPANY'S RAYTHEON TECHNICAL SERVICES
# COMPANY LLC'S AND JT3 LLC's JOINDER IN REMOVAL

Defendants Raytheon Company, Raytheon Technical Services Company LLC, and JT3 LLC consent to removal of this action to federal court and join in this Notice of Removal.

Dated: December 17, 2010

Respectfully submitted,

J. Richard Morrissey
Caroline L. Plant
**PILLSBURY WINTHROP SHAW PITTMAN LLP**

By: _____
Caroline L. Plant
Attorneys for Defendants
Raytheon Company, Raytheon Technical
Services Company LLC, and JT3 LLC

Bryan Cave LLP
2020 Main Street, Suite 600
Irvine, California 92614

SM01DOCS\815484.1

7

# EXHIBIT A

2136281908

04:36. . p.m.     12-15-2010     2 /15

1  STOLL, NUSSBAUM & POLAKOV, APC    93524
   ROBERT J. STOLL, JR., (SBN 47173)       A7220
2  MATTHEW C. STOLL (SBN 255835)
   11601 Wilshire Blvd., Suite 200
3  Los Angeles, California 90025
   Telephone: 310.996.7500
4  Facsimile: 310.575.4353

5  Attorney for Plaintiffs
   THE ESTATE OF MARK GRAZIANO,
6  HELEN GRAZIANO and GARY GRAZIANO

7
   X-Law Group, P.C.
8  FILIPPO MARCHINO (SBN 256011)
   633 W. 5th Street, Suite 2629
9  Los Angeles, California 90071
   Telephone: 213.223.2232
10 Facsimile: 213.226.4691

11 Attorney for Plaintiffs
   THE ESTATE OF MARK GRAZIANO,
12 HELEN GRAZIANO and GARY GRAZIANO

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 03 2010

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
AMBER LAFLEUR-CLAYTON

D38 Maureen Duffy-Lewis

13

14                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

15                          COUNTY OF LOS ANGELES

16                                          B C 4 4 8 6 0 2

17 THE ESTATE OF MARK GRAZIANO,
   HELEN GRAZIANO, an individual, and      CASE NO.
18 GARY GRAZIANO, an individual,

19          Plaintiffs,                     **COMPLAINT FOR DAMAGES:**

20     vs.                                    1. NEGLIGENCE
                                              2. WRONGFUL DEATH
21 JT3, L.L.C., a California Limited Liability
   Corporation; URS Corporation, a California  **DEMAND FOR JURY TRIAL**
22 Corporation; Raytheon Technical Services
   Company, a California Corporation and DOES
23 I through 100, inclusive,

24          Defendants.

25

26

27

28

                        COMPLAINT FOR DAMAGES

Plaintiffs THE ESTATE OF MARK GRAZIANO, HELEN GRAZIANO and GARY GRAZIANO complain and allege as follows:

## PARTIES

1. Plaintiffs, THE ESTATE OF MARK GRAZIANO, HELEN GRAZIANO, an individual, and GARY GRAZIANO, an individual, hereafter collectively "Plaintiffs". At all times mentioned herein, HELEN GRAZIANO and GARY GRAZIANO were the parents of Decedent Major MARK PAUL GRAZIANO (hereafter "Decedent").

2. Plaintiffs are informed, believe and thereon allege that Defendants JT3, L.L.C., URS Corporation and Raytheon Technical Services Company (hereafter "Defendants") are, and at all times herein mentioned were, a California corporations, duly organized as such under the laws of the State of California, that conduct business in the County of Los Angeles, State of California.

3. Plaintiffs are informed, believe and thereon allege that Defendants at times conducts business under the fictitious names of "JT3", "URS" and "RTSC".

4. The true names and capacities of the defendants sued as DOES 1 through 100, inclusive, are unknown to Plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs will seek leave from this Court to amend this complaint to set forth their true names and capacities when such have been ascertained. Plaintiffs are informed, believe and thereon allege that each of the fictitiously named defendants is responsible, as hereinafter shown, for the occurrences herein alleged, and that Plaintiffs' damages, as herein alleged, were proximately caused by their conduct.

5. Plaintiffs are informed, believe and thereon allege that at all times relevant to the acts complained of herein, Defendants, and each of them, were the agents, servants, employees, alter egos, representatives, joint venturers and co-conspirators of all the other defendants, and each of them. Plaintiffs are informed, believe and thereon allege that each of the acts of Defendants complained of herein, were committed and done within the course and scope of the aforementioned agency and employment, and/or at the advice, order, instruction,

2
COMPLAINT FOR DAMAGES

1      direction and control of each of the other defendants, with the knowledge, consent and/or

2      ratification of Defendants, and each of them.

3   6. Plaintiffs are informed, believe and thereon allege that defendants, and each of them,

4      knowingly and willfully conspired and agreed among themselves to commit the acts

5      complained of, and did the acts and things alleged pursuant to, and in furtherance of, the

6      conspiracy and the agreement.

7

8                   **JURISDICTION AND VENUE**

9   7. Plaintiffs incorporate all preceding and following paragraphs as if fully set forth herein.

10  8. Plaintiffs, HELEN GRAZIANO and GARY GRAZIANO, at all times mentioned herein,

11     resided in the State of New York.

12  9. Defendants' principal place of business is located in the County of Los Angeles, State of

13     California, and Defendants' agent for service of process is located within the central

14     judicial district of this Court.

15  10. This matter is properly filed in this court of unlimited jurisdiction because Plaintiffs'

16      claims exceed $25,000.

17  11. This matter is properly filed in this venue because Defendants contracted to perform an

18      obligation in this county, and the contract was entered into in this county.  Moreover, the

19      parties' agreement contemplated performance within the Central District of this court.

20

21                  **GENERAL ALLEGATIONS**

22  12. Plaintiffs incorporate all preceding and following paragraphs as if fully set forth herein.

23  13. Plaintiffs, who are the parents of Decedent, constitute all of Decedent's legal heirs and

24      have standing to bring this action pursuant to California Code of Civil Procedure § 377.60.

25  14. Decedent was a top Air Force Pilot who repeatedly received "Exceptionally Qualified"

26      ratings on his flight evaluations (which is typically representative of being in the top 5

27      percent of aviators in an organization), and repeatedly achieved academic scores ranging

28      from 98 percent to 100 percent.

X-Law Group, P.C.

15. Among many other achievements, Decedent, while at Grand Forks AFB, was twice selected Pilot of the Month from among nearly 200 pilots in his operations group.

16. While at Beale AFB, Decedent qualified in and flew the T-38 Talon companion trainer, and Decedent was the sole Distinguished Graduate from his T-38 Pilot Instructor Training class.

17. Decedent was selected for the United States Air Force Test Pilot School (USAFTPS) while still stationed at Beale AFB.

18. The USAFTPS, located on Edwards AFB in California, is a school for the Air Force's most elite pilots, navigators and engineers.

19. On or about May 21, 2009, at approximately 1:19 p.m. local time, Decedent, who was currently assigned to the USAFTPS, was flying a T-38A aircraft assigned to the 412th Test Wing, tail number (T/N) 68-8153 (hereafter "SUBJECT AIRCRAFT").

20. Decedent, who was the pilot on that flight, was accompanied by Major Lee Vincent Jones, the navigator.

21. The Decedent and Major Jones, conducting a Longitudinal Static Stability data flight, were gathering data at an altitude of 20,000 feet Mean Sea Level and an airspeed of 0.9 Indicated Mach Number (90 percent of the speed of sound).

22. During one of the tests, Decedent's unsecured force gage floated up and landed on the ledge above and behind his ejection seat.

23. Decedent told Major Jones that he was going to attempt to get the force gage to float back forward so that he could retrieve it. Major Jones then felt a sudden, sharp and unexpected nose down (negative "g") onset.

24. Major Jones then experienced total or near-total loss of consciousness, and upon recovering from this unconscious state he could see only white.

25. Decedent did not respond to the Major Jones's calls and did not appear to be on the controls.

26. Major Jones then called out numerous times for Decedent to eject but Decedent was incapacitated and unable to respond. The Major Jones then ejected, sustaining serious and debilitating injuries.

27. Decedent died on impact as the SUBJECT AIRCRAFT crashed approximately 12 miles North of Edwards Air Force Base.

## FIRST CLAIM FOR RELIEF

### (For Negligence – against all Defendants)

28. Plaintiffs incorporate all preceding and following paragraphs as if fully set forth herein.

29. Since as early as 2003, JT3, L.L.C. was formed by URS and RTSC and was dedicated to providing engineering, technical support management and maintenance at four western ranges, the Air Force Flight Test Center (AFFTC) at Edwards Air Force Base, the Nevada Test and Training Range (NTTR) at Nellis Air Force Base in Nevada, the Utah Test and Training Range (UTTR) at Hill Air Force Base in Utah and the Electronic Combat Range (ECR) at the Naval Air Warfare Center at China Lake in California. JT3, L.L.C. employs civilian aircraft mechanics who were responsible for the maintenance of the SUBJECT AIRCRAFT.

30. Defendants were the civilian organization responsible for maintaining the SUBJECT AIRCRAFT since as early as 2003.

31. On information and belief, due to a failure to properly perform maintenance, one of the seven bolts securing the rudder operating mechanism was improperly secured. The unsecured bolt worked its way free over an unknown period of time, eventually backing out of its location sufficiently to allow two critical components, the flight controls and the rudder actuators, to separate.

32. On information and belief, the mechanical cause of the crash of the SUBJECT AIRCRAFT was the failure of the rudder operating mechanism, which caused the rudder to deflect 30 degrees left. This hardover rudder induced the SUBJECT AIRCRAFT to begin an

5
COMPLAINT FOR DAMAGES

Ex.: A; Pg.: 12

uncontrollable yaw and a resulting roll, which caused the SUBJECT AIRCRAFT to depart controlled flight and ultimately crash, killing Decedent.

33. Defendants had a duty to maintain the aircraft so that it could be safely operated.

34. Defendants negligently and carelessly breached this duty by, among other things:

    a.  Improper maintenance practices, including training of maintenance personnel, documentation of work performed, documentation of maintainers qualifications and certifications and general oversight of maintenance personnel.

    b.  A consistent failure to adhere to basic maintenance protocols.

    c.  Line mechanics were allowed to work on any aircraft they were "comfortable" working on. Proper protocol required that each maintainer be signed off in their training records on each item, for each type of aircraft, in order to work on that aircraft.

    d.  No mechanic in the 412 MXG was documented as authorized to perform the T-38 Flight Control Rig.

    e.  Deficient documentation exists to demonstrate current training. Monthly reviews, as required, were not documented on the Job Qualification Standard Record Review in each Individual Training Plan.

    f.  Maintainers were not adequately supervised. No objective factors were used to determine if maintainers were trained or qualified to perform the job.

    g.  There is a discrepancy between the computerized Integrated Maintenance Data System and the aircraft forms. Maintainers would sign off on jobs and inspections by using names that were easily accepted rather than those who actually performed the work. Thus, there exist discrepancies between the aircraft forms and the IMDS. Furthermore, the forms were destroyed after 3 months.

    h.  Defendants failed to properly secure the bolts of the rudder operating mechanism with a cotter pin which allowed the failure and resulting crash.

35. As a direct and proximate result of the negligence of Defendant, Decedent sustained fatal injuries when the SUBJECT AIRCRAFT departed controlled flight and crashed.

X-Law Group, P.C.

## SECOND CLAIM FOR RELIEF

### (Wrongful Death)

36. Plaintiffs incorporate all preceding and following paragraphs as if fully set forth herein.

37. On or about May 21, 2009, Plaintiff Graziano was participating in a USATPS training mission when the aircraft crashed and Plaintiff sustained fatal injuries upon impact. The cause of the crash was an unsecured bolt which caused the failure of the rudder operating mechanism due to the negligent maintenance of the Defendants.

38. As a further, direct and proximate result of the said negligence of the said Defendants, and each of the, Defendants acted so negligently, recklessly, and carelessly, so as to cause the death of Mark Paul Graziano, and to cause Plaintiffs to suffer the loss, comfort, companionship, love, care, protection, affections, guidance, society, pecuniary loss, support, and inheritance of said Decedent Mark Paul Graziano, and also have been permanently deprived of the right to receive each of the aforesaid, all to their damage in an amount which is within the jurisdiction of this court and according to the proof at the time of trial.

39. As a further direct and proximate result of the said negligence of the Defendants, and each of them, as aforesaid, Plaintiffs incurred funeral, burial, and related expenses, the exact amount of which is unknown to Plaintiffs at this time, and Plaintiffs will ask leave of Court to amend this Complaint in this regard when the same is ascertained.

## PRAYER FOR RELIEF

Based upon the foregoing causes of action, Plaintiffs pray as follows:

1. For entry of judgment in its favor and against Defendant(s);

2. For compensatory damages according to proof;

3. For exemplary damages against Defendants according to proof; and

4. For such other and further relief as the Court may deem proper.

7

COMPLAINT FOR DAMAGES

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
MATTHEW C. STOLL, #255835
STOLL, NUSSBAUM & POLAKOV
11601 WILSHIRE BOULEVARD
SUITE 200
LOS ANGELES, CA 90025

TELEPHONE NO.: (310) 996-7500   FAX NO.: (310) 575-4353
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: STANLEY MOSK COURTHOUSE
MAILING ADDRESS: 111 NORTH HILL STREET
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL DISTRICT

CASE NAME: GRAZIANO vs. JT3, L.L.C., etc., et al.

**FOR COURT USE ONLY**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 03 2010

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
AMBER LAFLEUR-CLAYTON

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: BC448602 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): Two
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 1, 2010

MATTHEW C. STOLL, #255835
(TYPE OR PRINT NAME)                    ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**
Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

| SHORT TITLE: | GRAZIANO vs. JT3, L.L.C., etc., et al. | CASE NUMBER | BC448602 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? [X] YES   CLASS ACTION? [ ] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL __5__ [ ] HOURS/ [X] DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (See Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons – See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | [X] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | [ ] A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | [ ] A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | [ ] A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | [ ] A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109  (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4
LA-481

Ex.: A; Pg.: 16

SHORT TITLE:  GRAZIANO vs. JT3, L.L.C., etc., et al.     CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | | | |
| Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus | | 2., 8. |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | | 2. |
| | ☐ A6153  Writ - Other Limited Court Case Review | | 2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ / Judicial Review | | 2., 8. |
| **Provisionally Complex Litigation** | | | |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | | 1., 2., 5., 8. |
| **Enforcement of Judgment** | | | |
| Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment | | 2., 9. |
| | ☐ A6160  Abstract of Judgment | | 2., 6. |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | | 2., 9. |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | | 2., 8. |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | | 2., 8. |
| | ☐ A6112  Other Enforcement of Judgment Case | | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only | | 1., 2., 8. |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | | 2., 8. |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | | 1., 2., 8. |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | | | |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment | | 2., 3., 9. |
| | ☐ A6123  Workplace Harassment | | 2., 3., 9. |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | | 2., 3., 9. |
| | ☐ A6190  Election Contest | | 2. |
| | ☐ A6110  Petition for Change of Name | | 2., 7. |
| | ☐ A6170  Petition for Relief from Late Claim Law | | 2., 3., 4., 8. |
| | ☐ A6100  Other Civil Petition | | 2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4


**ORIGINAL**

POS-010

| | |
|---|---|
| ATTORNEY OF PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>ROBERT J. STOLL JR.                47173<br>STOLL, NUSSBAUM, POLAKOV<br>11601 WILSHIRE BLVD., SUITE 200<br>LOS ANGELES, CA 90025<br>   TELEPHONE: (310) 996-7500<br>ATTORNEY FOR:<br>   L.A. SUPERIOR COURT/ CENTRAL LIMITED/UNLIMITED<br>   STREET ADDRESS: per rule 2.150 (a)(8):<br>   MAILING ADDRESS: the address of the court is not required<br>CITY AND ZIP CODE:<br>   BRANCH NAME: | FOR COURT USE ONLY<br>**FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br>**NOV 3 0 2010**<br>John A. Clarke Executive Officer/Clerk<br>By_____, Deputy<br>GLORIETTA ROBINSON |

| | |
|---|---|
| Plaintiff        THE ESTATE OF MARK GRAZIANO<br>Defendant      JT3, L.L.C. | CASE NUMBER:<br>BC448602 |

**PROOF OF SERVICE OF SUMMONS**
(Separate proof of service is required for each party served.)

| |
|---|
| Clt. Ref. or File No.:<br>N/A |
| HEARING:<br>DATE: 03/03/11<br>TIME: 8:30<br>DIV/DEPT: 38 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
      SUMMONS; COMPLAINT; ADR PACKAGE; STATEMENT OF DAMAGES (9); NOTICE OF CASE
      MANAGEMENT CONFERENCE; NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

3.     a. [XX] Party served
          URS CORPORATION, A CALIFORNIA CORPORATION

       b. [XX] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not
          a person under item 5b on whom substituted service was made) (specify name and relationship to the party
          named in item 3a):
          CT CORP., AUTHORIZED AGENT, MARGARET WILSON

4. Address where the party was served: 818 WEST 7TH STREET SUITE 200
                                        LOS ANGELES CA 90017

5. I served the party (check proper box)
       a. [XX] by personal service. I personally delivered the documents list in item 2 to the party or person authorized
          to receive service of process for the party (1) on (date): 11/18/10 (2) at (time): 9:30 am.

       (4) [__ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be
               served at the place where the copies were left (Code Civ. Proc., 415.20). I mailed the documents
               on (date):        from (city):            or (__) a declaration of mailing is attached.
       (5) [__ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| Computer-generated form<br>Judicial Council of California<br>POS-010 (Rev. January 1, 2007) | **PROOF OF SERVICE OF SUMMONS**<br>OO: 11 narineh | Code of Civil Procedure, 417.10 |

AX0211-10812318



NOTICE SENT TO:

Marchino, Filippo
Law Offices of Filippo Marchino
633 W. 5th Street, Suite 2629
Los Angeles        CA   90071

FILE STAMP **FILED**
LOS ANGELES SUPERIOR COURT

NOV 0 6 2010

JOHN A. CLARKE, CLERK

BY _____ DEPUTY

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | **CASE NUMBER** |
|---|---|
| THE ESTATE OF MARK GRAZIANO ET AL<br><br>VS.<br>Plaintiff(s), | BC448602 |
| JT3 LLC ET AL<br><br>Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for March 3, 2011 at 8:30 am in Dept. 38 at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: November 8, 2010                                             _____
                                                                     Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.

Date: November 8, 2010

                                        John A. Clarke, Executive Officer/Clerk

                                        by _____, Deputy Clerk

LACIV 132 (Rev. 09/07)                                  Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                      LASC Local Rules, Chapter Seven

2136281908   04:12   p.m.   12-15-2010   2/5

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER<br>255835 | Reserved for Clerk's File Stamp |
|---|---|---|

MATTHEW C. STOLL, #255835
STOLL, NUSSBAUM & POLAKOV
11601 WILSHIRE BOULEVARD
SUITE 200
LOS ANGELES, CA 90025
(310) 996-7500
ATTORNEY FOR (Name): Plaintiffs

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

DEC 08 2010

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
AMBER LAFLEUR-CLAYTON

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
111 NORTH HILL STREET
LOS ANGELES, CA 90012

PLAINTIFF: THE ESTATE OF MARK GRAZIANO, HELEN GRAZIANO, an individual and GARY GRAZIANO, an individual

DEFENDANT: JT3, L.L.C., a California Limited Liability Corporation, et al.

| AMENDMENT TO COMPLAINT<br>(Fictitious / Incorrect Name) | CASE NUMBER:<br>BC448602   Dept 38 |
|---|---|

[X] **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME
RAYTHEON COMPANY

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE<br>December 8, 2010 | TYPE OR PRINT NAME<br>MATTHEW C. STOLL, #255835 | SIGNATURE OF ATTORNEY<br>*Matt Stoll* |
|---|---|---|

[ ] **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME<br>MATTHEW C. STOLL, #255835 | SIGNATURE OF ATTORNEY |
|---|---|---|

## ORDER

THE COURT ORDERS the amendment approved and filed.

_____                    _____
Dated                                                    Judicial Officer

| LACIV 105 (Rev. 01/07)<br>LASC Approved 03-04 | AMENDMENT TO COMPLAINT<br>(Fictitious / Incorrect Name) | Code Civ. Proc., §§ 471.5,<br>472, 473, 474<br>LA-15 |
|---|---|---|

# EXHIBIT  B

1   **BRYAN CAVE LLP**
    Shalem A. Massey (California Bar No. 143281)
2   3161 Michelson Drive, Suite 1500
    Irvine, California 92612-4414
3   Telephone:    (949) 223-7000
    Facsimile:    (949) 223-7100
4

  **BRYAN CAVE LLP**
5   James C. Pettis (California Bar No. 223953)
    120 Broadway, Suite 300
6   Los Angeles, California 90401-2386
    Telephone:    (310) 576-2100
7   Facsimile:    (310) 576-2200

8   Attorneys for Defendant
    URS CORPORATION
9

10           **SUPERIOR COURT OF CALIFORNIA**

11             **COUNTY OF LOS ANGELES**

12

13   THE ESTATE OF MARK GRAZIANO,     | Case No.: BC448602
14   HELEN GRAZIANO, an individual, and GARY
    GRAZIANO, an individual,     Assigned for all purposes to the
15           Hon. Maureen Duffy-Lewis
        Plaintiffs,
16         Dept. 38
        vs.
17   JT3, L.L.C., a California Limited Liability   **DEFENDANT URS CORPORATION'S**
    Corporation; URS CORPORATION, a   **ANSWER TO PLAINTIFFS' COMPLAINT**
18   California Corporation; RAYTHEON
    TECHNICAL SERVICES COMPANY, a
19   California Corporation, and DOES 1 through
    100, inclusive,
20
21         Defendants.     Complaint filed:    November 3, 2010
                      Trial Set:    None
22

23

24

25

26

27

28

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 16 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
KEI LaFLEUR-CLAYTON

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

COPY

1    Defendant URS Corporation answers the Complaint of Plaintiffs The Estate of Mark

2   Graziano, Helen Graziano, and Gary Graziano as follows:

3    Pursuant to Code of Civil Procedure section 431.30, URS denies generally and specifically

4   each and every allegation of each cause of action contained in the Complaint, and further denies

5   that Plaintiffs have been damaged in the sum or sums alleged or in any other sum or sums, or at

6   all.

7    URS states the following defenses to each and every cause of action alleged in the

8   Complaint:

9

10                              FIRST DEFENSE

11   1.    The Complaint does not state facts sufficient to constitute a cause of action.

12

13                             SECOND DEFENSE

14   2.    Plaintiffs' claims are barred by applicable statutes of limitation, including but not

15   limited to, California Code of Civil Procedure sections 340 and 340.2.

16

17                              THIRD DEFENSE

18   3.    Venue is improper in this Court.

19

20                             FOURTH DEFENSE

21   4.    Plaintiffs' claims are barred by the doctrine of estoppel.

22

23                              FIFTH DEFENSE

24   5.    Plaintiffs' claims are barred by the doctrine of laches.

25

26                              SIXTH DEFENSE

27   6.    Plaintiffs' claims are barred by the doctrine of waiver.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

## SEVENTH DEFENSE

2      7.    Plaintiffs' claims are barred by decedent Mark Graziano's ("Decedent's") express

3  assumption of the risks and dangers, if any, associated with the alleged conditions, conduct or

4  injuries.

5

6

## EIGHTH DEFENSE

7      8.    Plaintiffs' claims are barred by Decedent's implied assumption of the risks and

8  dangers, if any, associated with the alleged conditions, conduct or injuries.

9

10

## NINTH DEFENSE

11      9.    Some or all of the damages claimed by Plaintiffs are not recoverable under

12  applicable law. In the event that there is a finding of damages for Plaintiffs, such damages should

13  be reduced or offset by various benefits received by Plaintiffs under applicable law.

14

15

## TENTH DEFENSE

16      10.    If Plaintiffs sustained injury or damage, said injury or damage was caused wholly

17  or in part by the conduct, negligent acts or omissions, and/or fault of third parties or entities other

18  than URS, including Decedent and the US Air Force, which conduct, acts or omissions, or fault

19  was the sole proximate cause or an intervening or superseding cause of any injury or damage to

20  Plaintiffs. Plaintiffs' claims and damages sought with respect thereto, if any, against URS are

21  barred completely or must be reduced in proportion to the fault attributable to other third parties or

22  entities as are found culpable.

23

24

## ELEVENTH DEFENSE

25      11.    Any injury, damage or loss allegedly sustained by Plaintiffs were proximately and

26  actually caused by and contributed to by the negligence and carelessness on the part of Decedent

27  in that Decedent failed to exercise ordinary care on his own behalf at the times and in the places

28  set forth in the Complaint. Accordingly, any recovery by Plaintiffs should be barred or reduced to

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  the extent of such responsibility.

2

3  ## TWELFTH DEFENSE

4      12.    Plaintiffs' claims are barred because Plaintiffs failed and refused to mitigate their

5  alleged damages and losses.

6

7  ## THIRTEENTH DEFENSE

8      13.    At all times relevant to the alleged conditions, conduct or injuries, Decedent had or

9  should have had notice and knowledge of the risks and dangers, if any, associated with such

10  conditions, conduct and injuries because any such risk or danger was open, obvious and apparent

11  to Decedent, he appreciated the danger or risk, and he voluntarily assumed any such danger or

12  risk.

13

14  ## FOURTEENTH DEFENSE

15      14.    If Plaintiffs sustained any injury or damage as alleged in the Complaint, said injury

16  or damage was the sole and proximate cause of conditions, circumstances and/or conduct of others

17  beyond the control of URS.

18

19  ## FIFTHTEENTH DEFENSE

20      15.    The plans, designs, methods, or technique of repairing, maintaining, assembling,

21  and testing of any product alleged in the Complaint to have caused all or part of Plaintiffs' alleged

22  damages conformed with the state of the art at the time any such service was performed by URS.

23

24  ## SIXTEENTH DEFENSE

25      16.    Plaintiffs have failed to join all necessary and indispensable parties.

26

27

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1

SEVENTEENTH DEFENSE

2    17.    URS owed no duty of care to Decedent.  If URS did, it did not breach any such

3    duty.

4

5

EIGHTEENTH DEFENSE

6    18.    Plaintiffs' claim for punitive damages, if granted, would be grossly excessive and

7    would violate the Due Process clause of the Fourteenth Amendment to the U.S. Constitution.

8    URS has not received fair notice that it could be subject to substantial punitive damages in this

9    State for the conduct alleged.  URS's conduct was not deliberate, and the damages, if any, to

10   Plaintiffs were economic.  The punitive damages sought by Plaintiffs are greatly disproportionate

11   to any actual damages and far exceed any civil or criminal sanctions that could be imposed for

12   similar alleged conduct.

13

14

NINETEENTH DEFENSE

15   19.    Plaintiffs' claim for punitive damages would violate the Eighth Amendment to the

16   U.S. Constitution and Article I, sections 1 and 17 of the California Constitution because it seeks to

17   impose an excessive fine upon URS, is penal in nature, and seeks to punish URS upon vague

18   standards.

19

TWENTIETH DEFENSE

20   20.    Plaintiffs' claim for punitive damages would violate the Equal Protection clause of

21   the Fourteenth Amendment to the U.S. Constitution and Article I, section 7 of the California

22   Constitution because it discriminates against URS on the basis of wealth and because different

23   amounts can be awarded against two or more defendants for the same act where those defendants

24   differ only in material wealth.

25

26

TWENTY-FIRST DEFENSE

27   21.    Plaintiffs' claim for punitive damages violates the Due Process clause of the Fifth

28   and Fourteenth Amendments to the U.S. Constitution because it seeks to punish URS based upon

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    unconstitutionally vague standards.

2

3                        TWENTY-SECOND DEFENSE

4        22.    Plaintiffs' claim for punitive damages would violate the Fifth Amendment to the

5    U.S. Constitution and Article I, section 15 of the California Constitution because it would expose

6    URS to multiple punishments and fines for the same act or conduct.

7

8                         TWENTY-THIRD DEFENSE

9        23.    Plaintiffs' claim for punitive damages violates the Due Process clause of the Fifth

10   and Fourteenth Amendments to the United States Constitution in the absence of an order

11   bifurcating that claim from the issue of liability.

12

13                       TWENTY-FOURTH DEFENSE

14       24.    Any award of punitive damages in this case would violate the Separation of Powers

15   Doctrine since this Court and the jury would be usurping the exclusive power of the legislature to

16   define crimes and establish punishment.

17

18                        TWENTY-FIFTH DEFENSE

19       25.    Any award of punitive damages in this case would be constitutionally defective as

20   an ex post facto law prohibited by the U.S. and California Constitutions.  The jury, in making any

21   such punitive award, would be effectively criminalizing conduct after it has occurred and without

22   appropriate advance notice to a defendant that such conduct may subject it to criminal punishment.

23

24                        THIRTY-SIXTH DEFENSE

25       26.    The punitive damages sought by Plaintiffs would violate the Due Process clause of

26   the Fifth and Fourteenth Amendments to the U.S. Constitution because Plaintiffs seek to punish

27   URS in California for alleged conduct that occurred elsewhere.

28

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  TWENTY-SEVENTH DEFENSE

2      27.    The Complaint fails to state a cause of action against URS upon which relief can be

3  granted.

4

5  TWENTY-EIGHTH DEFENSE

6      28.    Plaintiffs' claims are barred by the doctrine known as the "Government Contractor

7  Defense" adopted by the United States Supreme Court in the case of *Boyle v. United Technologies*

8  *Corp.*, 108 S. Ct. 2510 (1988) and applied to maintenance contracts in *Hudgens v. Bell*

9  *Helicopters/Textron*, 328 F.3d 1329 (11th Cir. 2003).

10

11  TWENTY-NINTH DEFENSE

12      29.    Any services URS provided to the United States Government (*i.e.*, US Air Force)

13  were procured by the United States Government, which was sophisticated and knowledgeable

14  concerning the use of, and any potential hazards of, aircraft maintenance.  URS reasonably relied

15  upon the sophistication of the United States Government and is not responsible for any failure of

16  the United States Government to warn or take proper precautions for the protection of its own

17  employees or civil servants.

18

19  THIRTIETH DEFENSE

20      30.    Any services URS provided to the United States Government (*i.e.*, US Air Force)

21  that Plaintiffs alleged to have been a cause of their damages were performed under and in

22  conformity with the direction and control of the United States Government, which at all material

23  times had knowledge superior to that of URS with respect to the potential hazards of aircraft

24  maintenance; accordingly, no liability can be imposed upon URS.

25

26  THIRTY-FIRST DEFENSE

27      31.    URS had no duty to warn and/or satisfied any such duty to warn the Government of

28  any danger in relying on the maintenance procedures utilized because URS had no actual

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1  knowledge that the Government did not have regarding any danger in relying on those procedures.

2

3                      THIRTY-SECOND AFFIRMATIVE DEFENSE

4          32.    Plaintiffs' claims are barred or preempted, in whole or in part, by federal law,

5  statutes, and regulations.

6

7                          THIRTY-THIRD DEFENSE

8          33.    Plaintiffs may lack the capacity and/or standing to bring this action.

9

10                         THIRTY-FOURTH DEFENSE

11         34.    URS did not violate any state or federal statute, regulation, or ordinance to cause

12  Plaintiffs' alleged injuries.

13

14                          THIRTY-FIFTH DEFENSE

15         35.    URS gives notice that it lacks sufficient knowledge or information upon which to

16  form a belief as to the truth of certain allegations contained in Plaintiffs' Complaint or specific

17  knowledge of actions on the part of Plaintiffs, Decedent, other persons, and/or entities who may

18  have contributed to or caused Plaintiffs' damages, if any. Until URS avails itself of its right of

19  discovery, it cannot be determined whether or not the above-stated affirmative defenses will be

20  asserted at trial. URS asserts these defenses in order to preserve its right to assert them at trial, to

21  give notice of its intention to assert these defenses, and to avoid waiver of any defenses.

22

23         URS reserves the right, upon completion of its investigation and discovery, to assert such

24  additional defenses as may be appropriate.

25  ///

26  ///

27  ///

28  ///

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

1    WHEREFORE, URS prays for judgment against Plaintiffs dismissing the Complaint and

2  each and every cause of action alleged therein, and awarding to URS costs, interest, reasonable

3  attorneys' fees and disbursements.

4

5  Dated:  December 16, 2010

6                                                         BRYAN CAVE LLP
                                                          Shalem A. Massey
7                                                         James C. Pettis

8                                                         By: _____

9                                                              James C. Pettis
                                                          Attorneys for Defendant
10                                                        URS CORPORATION

11

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 120 Broadway, Suite 300, Santa Monica, California 90401-2386.

On December 16, 2010, I served the foregoing documents, described below as: **DEFENDANT URS CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT,** on each interested party in this action, as follows:

Robert J. Stoll, Esq.                      ***Attorneys for Plaintiffs***
Stoll, Nussbaum & Polakov
11601 Wilshire Boulevard
Suite 200
Los Angeles, CA 90025
Telephone: (310) 996-7500
Facsimile:  (310) 575-4353

Filippo Marchino, Esq.
X-Law Group, P.C.
633 West 5th Street, Suite 2629
Los Angeles, CA 90071
Telephone: (213) 223-2232
Facsimile:  (213) 226-4691

☒      (BY MAIL)  I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party as set forth above.  I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Bryan Cave LLP, Santa Monica, California.  I am readily familiar with Bryan Cave LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on December 16, 2010, at Santa Monica, California.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

_____
Karina Lopez

BRYAN CAVE LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CALIFORNIA 90401-2386

# EXHIBIT C

PILLSBURY WINTHROP SHAW PITTMAN LLP
J. RICHARD MORRISSEY  SBN 39286
CAROLINE L. PLANT SBN 247358
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Defendant
RAYTHEON COMPANY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 17 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

THE ESTATE OF MARK GRAZIANO, et al.,

                        Plaintiffs,

    vs.

JT3 L.L.C., etc.; et al.,

                        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. BC448602

**ANSWER OF DEFENDANT RAYTHEON COMPANY TO PLAINTIFFS' UNVERIFIED COMPLAINT**

Judge:    Hon. Maureen Duffy-Lewis
Dept.: 38
Complaint Filed: Nov. 3, 2010
Trial Date: None set

        Defendant Raytheon Company (sued as "DOE 1" and hereinafter referred to as "Defendant"), hereby answers the unverified Complaint ("Complaint") filed by The Estate of Mark Graziano, Helen Graziano, and Gary Graziano (collectively referred to hereinafter as "Plaintiffs"), in the above-captioned action as follows:

601357813v1

Ex.: C; Pg.: 31

ANSWER OF DEFENDANT RAYTHEON COMPANY TO PLAINTIFFS' UNVERIFIED COMPLAINT

## GENERAL DENIAL OF ALLEGATIONS

1.     Pursuant to the provisions of § 431.30 of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation of Plaintiffs' Complaint, and specifically denies that Defendant has injured Decedent Mark Graziano ("Decedent") or damaged Plaintiffs, or any of them, in any manner or amount or at all.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to each purported cause of action contained in the complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### [Failure to State a Cause Of Action]

2.     The Complaint, and each cause of action purportedly stated therein, fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### [Improper Venue]

3.     Venue is improper in this Court.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

4.     Plaintiffs' claims are barred or limited, in whole or in part, for lack of subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

### (Government Contractor Defense)

5.     The claims made by Plaintiffs, and each of them, against this Defendant are barred by the doctrine known as the Government Contractor Defense, adopted by the United States Supreme Court in the case of *Boyle v. United Technologies Corp.*, 108 S. Ct. 2510 (1988) and applied to maintenance contracts in *Hudgens v. Bell Helicopters/Textron*, 328 F. 3d 1329 (11th Cir. 2003), and such doctrine precludes a finding of liability on the part of this Defendant for any damages to Plaintiffs.

601357813v1

Ex. C: Pg. 32

ANSWER OF DEFENDANT RAYTHEON COMPANY TO PLAINTIFFS' UNVERIFIED COMPLAINT

**FIFTH AFFIRMATIVE DEFENSE**

6.      Any services Defendant provided to the United States Government (*i.e.* US Air Force) were procured by the United States Government, which was sophisticated and knowledgeable concerning the use of, and potential hazards of, aircraft maintenance. Defendant reasonably relied upon the sophistication of the United States Government and is not responsible for any failure of the United States Government to warn or take proper precautions for the protection of its own employees or service members, including Decedent.

**SIXTH AFFIRMATIVE DEFENSE**

7.      Any services Defendant provided to the United States Government (*i.e.* US Air Force) that Plaintiffs alleged to have been a cause of their damages were performed under and in conformity with the direction and control of the United States Government, which at all material times had knowledge superior to that of Defendant with respect to the potential hazards of aircraft maintenance; accordingly, no liability can be imposed upon Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

8.      Defendant had no duty to warn and/or satisfied any such duty to warn the Government of any danger in relying on the maintenance procedures utilized because Defendant had no actual knowledge that the Government did not have regarding any danger in relying on those procedures.

**EIGHTH AFFIRMATIVE DEFENSE**

**[Claims Barred by Statutes of Limitations]**

9.      The Complaint, and each cause of action stated therein, is barred by the applicable statutes of limitations, including but not limited to:  Code of Civil Procedure sections 312, 335.1, 337, 338, 338.1, 339, 340, 343 and 345, and relevant statutes of limitation under federal law.

601357813v1

Ex.: C; Pg.: 33

ANSWER OF DEFENDANT RAYTHEON COMPANY TO PLAINTIFFS' UNVERIFIED COMPLAINT

1

## NINTH AFFIRMATIVE DEFENSE

2

### [*Res Judicata*]

3      10.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of *res*

4  *judicata* and collateral estoppel.

5

## TENTH AFFIRMATIVE DEFENSE

6

### [Laches]

7      11.    Plaintiffs, and each of them, have unreasonably delayed the commencement

8  of this action and prejudiced Defendant, and accordingly the Complaint and each cause of

9  action stated therein is barred by the doctrine of laches.

10

## ELEVENTH AFFIRMATIVE DEFENSE

11

### [Waiver of Claims]

12      12.    Plaintiffs, and each of them, by their acts, conduct and omissions, have

13  waived the claims alleged in the Complaint and each cause of action stated therein.

14

## TWELFTH AFFIRMATIVE DEFENSE

15

### [Claims Are Uncertain and Ambiguous]

16      13.    The Complaint, and each cause of action stated therein, is ambiguous and

17  uncertain.

18

## THIRTEENTH AFFIRMATIVE DEFENSE

19

### [Lack of Standing]

20      14.    Plaintiffs, and each of them, lack standing to bring some or all of the claims

21  alleged.

22

## FOURTEENTH AFFIRMATIVE DEFENSE

23

### [Estoppel]

24      15.    Plaintiffs, and each of them, by their acts, conduct and omissions, are

25  estopped from asserting the claims alleged in the Complaint and each cause of action stated

26  therein.

27

28

601357813v1                    Ex.: C; Pg.: 34

ANSWER OF DEFENDANT RAYTHEON COMPANY TO PLAINTIFFS' UNVERIFIED COMPLAINT

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### [Failure to Mitigate Damages]

3      16.    The damages, if any, sustained by Plaintiffs, and each of them, are

4    completely or in part the product of Plaintiffs' failure to mitigate as required by law.

5

## SIXTEENTH AFFIRMATIVE DEFENSE

6

### [Independent, Intervening or Superseding Cause]

7      17.    The injuries, if any, sustained by the Decedent, and the damages, if any,

8    sustained by Plaintiffs, and each of them, were proximately caused by an unforeseeable,

9    independent, intervening and/or superseding event beyond the control, and unrelated to any

10   conduct, of Defendant.  Defendant's actions, if any, were superseded by such conduct or

11   events.

12

## SEVENTEENTH AFFIRMATIVE DEFENSE

13

### [Negligence of Decedent]

14     18.    Any damages that Plaintiffs, and each of them, may have sustained, as

15   alleged in the Complaint, were proximately caused by the negligence and fault of the

16   Decedent.  The Decedent failed and neglected to exercise ordinary care, caution and

17   prudence with respect to the products, injuries and matters alleged in the Complaint.

18

## EIGHTEENTH AFFIRMATIVE DEFENSE

19

### [Negligence of Others]

20     19.    Any damages that Plaintiffs, and each of them, may have sustained, as

21   alleged in the Complaint, to the extent not caused by the negligence and fault of Decedent,

22   were proximately caused by the negligence, fault or defective products of persons or

23   entities other than Defendant, over whom Defendant had no control, and for whose

24   negligence, fault and defective products Defendant is not responsible.

25

## NINETEENTH AFFIRMATIVE DEFENSE

26

### [Assumption of Risk]

27     20.    The Decedent knowingly assumed the risk of any injury or death arising

28   from the conduct and events alleged in the Complaint.

1

### TWENTIETH AFFIRMATIVE DEFENSE

2

#### [Unavoidable Accident]

3

      21.    The injuries and damages, if any, as alleged in the Complaint, were the result

4

of an unavoidable accident and therefore the request relief should be denied.

5

### TWENTY-FIRST AFFIRMATIVE DEFENSE

6

#### [No Proximate Cause]

7

      22.    The injuries and damages, if any, as alleged in the Complaint, were not

8

caused or contributed to by Defendant.

9

### TWENTY-SECOND AFFIRMATIVE DEFENSE

10

#### [Failure to Join Indispensible Party]

11

      23.    The Complaint fails to join a party in whose absence complete relief cannot

12

be accorded.

13

### TWENTY-THIRD AFFIRMATIVE DEFENSE

14

#### [Preemption]

15

      24.    The claims of Plaintiffs are preempted by applicable federal law, statutes and

16

regulations.

17

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

18

#### [Recovery Limited to Proportionate Fault]

19

      25.    Defendant denies any and all liability to Plaintiffs, but if Defendant is found

20

liable, the responsibility and fault of Defendant is small in proportion to the responsibility

21

and fault of all other persons and entities who contributed to Plaintiffs' damages, and

22

Plaintiffs, and each of them, are limited in their recovery against Defendant to a proportion

23

of Plaintiffs' claimed damages which is no greater than Defendant's proportionate share of

24

the fault of all persons and entities who contributed to Plaintiffs alleged damages.

25

26

27

28

ANSWER OF DEFENDANT RAYTHEON COMPANY TO PLAINTIFFS' UNVERIFIED COMPLAINT

1  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2  **[Conformance with Governmental Regulations/Industry Standards]**

3      26.    All activities of Defendant, as alleged in the Complaint, conformed to

4  statutes, governmental regulations and industry standards based upon the state of

5  knowledge existing at the time alleged in the Complaint.

6  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

7  **[No Reasonable Reliance]**

8      27.    Decedent did not reasonably rely on any representations, disclaimers,

9  warnings, or other acts or omissions of Defendant.

10  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

11  **[Set-Off; Collateral Source]**

12      28.    Defendant is entitled to a set-off, should any damages be awarded against it,

13  for the entire amount of all damages or settlement amounts recovered by Plaintiffs with

14  respect to the injuries and damages alleged in Plaintiffs' Complaint; and Defendant also is

15  entitled to have any damages that may be awarded against it reduced by the value of any

16  benefit or payment to Plaintiffs from any collateral source with respect to the injuries and

17  damages alleged in the Complaint.

18  **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

19  **[Punitive Damages Unconstitutional]**

20      29.    Under the circumstances of this case, the imposition of punitive damages

21  upon Defendant, as sought in the Complaint, would violate the Constitutions of the United

22  States of America and the State of California; including, without limitation, the Due

23  Process and Equal Protection provisions of those constitutions, and the 5th, 8th and 14th

24  Amendments to the U.S. Constitution.

25  **TWENTY-NINTH AFFIRMATIVE DEFENSE**

26  **[Laws of Other Jurisdictions]**

27      30.    Plaintiffs' action may be governed, in whole or in part, by the laws of

28  jurisdictions other than California.  Pursuant to Rule 44.1 of the Federal Rules of Civil

1   Procedure, Defendant gives notice that it may raise issues in this action concerning the laws
2   of other jurisdictions.

### THIRTIETH AFFIRMATIVE DEFENSE

#### [Open and Obvious Danger]

5   31.   At all times relevant to the alleged conditions, conduct or injuries, Decedent
6   had or should have had notice and knowledge of the risks and dangers, if any, associated
7   with such conditions, conduct and injuries because any such risk or danger was open,
8   obvious and apparent to Decedent, he appreciated the danger or risk, and he voluntarily
9   assumed any such danger or risk.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

#### [Reservation of Defenses]

12   32.   Defendant reserves the right to amend its Answer to assert additional
13   affirmative defenses once it determines the particulars of Plaintiffs' claims, which are not
14   apparent on the face of Plaintiffs' Complaint.

16   **WHEREFORE,** Defendant prays for judgment as follows:

17   1.   Plaintiffs take nothing by reason of the Complaint filed herein, and the
18   Complaint be dismissed;

19   2.   Judgment be entered in favor of Defendant;

20   3.   Defendant be awarded its costs of suit incurred herein;

21   4.   Any judgment for damages entered against Defendant not exceed an amount
22   equivalent to its proportionate share of the combined responsibility and fault of all persons
23   and entities which proximately caused or contributed to Plaintiffs' damages, if any;

24   5.   The total amount of damages, if any, sustained by each plaintiff as a result of
25   the matters alleged in the Complaint be reduced proportionately by the percentage of
26   negligence and fault attributable to Decedent, and to all other persons and entities which are
27   not party defendants to this action at the time of judgment for plaintiff, if any, is rendered;

28

601357813v1                           - 8 -
Ex. C, Pg. 38
ANSWER OF DEFENDANT RAYTHEON COMPANY TO PLAINTIFFS' UNVERIFIED COMPLAINT

1    6.  For such other and further relief as the Court deems proper.

2 Dated:  December 17, 2010.

3              PILLSBURY WINTHROP SHAW PITTMAN LLP
                J. RICHARD MORRISSEY
4              CAROLINE L. PLANT

5

6             By

7                 J. Richard Morrissey
                Attorneys for Defendant
             RAYTHEON COMPANY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

Docket No. BC448602

2

PROOF OF SERVICE

3       I am employed in the City of Los Angeles, State of California, in the office of a

4   member of the bar of this Court, at whose direction the service was made. I am over the

5   age of eighteen years, and not a party to the within action. My business address is Pillsbury

6   Winthrop Shaw Pittman LLP, 725 South Figueroa Street, Suite 2800, Los Angeles, CA

7   90017-5406. On December 17, 2010, I served the documents titled **ANSWER OF**

8   **DEFENDANT RAYTHEON COMPANY TO PLAINTIFFS' UNVERIFIED**

9   **COMPLAINT** on the parties in this action as follows:

10

11   BRYAN CAVE LLP                       BRYAN CAVE LLP
    Shalem A. Massey                       James C. Pettis

12   3161 Michelson Drive, Suite 1500      120 Broadway, Suite 300
    Irvine, CA 92612-4414                  Los Angeles, CA 90401-2386

13

14   STOLL, NUSSBAUM & POLAKOV, APC    X-LAW GROUP, P.C.
    Robert J. Stoll, Jr.                     Filippo Marchino

15   Matthew C. Stoll                     633 West 5th Street, Suite 2629
    11601 Wilshire Boulevard, Suite 200     Los Angeles, CA 90071

16   Los Angeles, CA 90025

17

18   ☒     **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in
    the United States mail at Los Angeles, CA. I am readily familiar with the practice of

19       Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence
    for mailing, said practice being that in the ordinary course of business, mail is deposited

20       in the United States Postal Service the same day as it is placed for collection.

21   ☐     **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile
    transmission and the transmission was reported as complete and without error to the

22       numbers listed above.

23   ☐     **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via
    electronic transmission to the persons at the electronic-email addresses indicated above.

24

☐     **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized

25       by _____ to receive documents to be delivered on the same date. A proof of service
    signed by the authorized courier will be filed forthwith.

26

27

28

601357788v1

☐   **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by <u>FedEx</u> for overnight delivery.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 17th day of December, 2010, at Los Angeles, California.

_____
Diane Barraza

601357788v1

PILLSBURY WINTHROP SHAW PITTMAN LLP
J. RICHARD MORRISSEY  SBN 39286
CAROLINE L. PLANT SBN 247358
725 South Figueroa Street, Suite 2800
Los Angeles, CA  90017-5406
Telephone: (213) 488-7100
Facsimile: (213) 629-1033

Attorneys for Defendant
RAYTHEON TECHNICAL SERVICES COMPANY LLC

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

DEC 17 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
DOROTHY SWAIN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| THE ESTATE OF MARK GRAZIANO, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JT3 L.L.C., etc.; et al., <br><br> Defendants. | No. BC448602 <br><br> **ANSWER OF DEFENDANT RAYTHEON TECHNICAL SERVICES COMPANY LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT** <br><br> Judge:   Hon. Maureen Duffy-Lewis <br> Dept.: 38 <br> Complaint Filed:  Nov. 3, 2010 <br> Trial Date: None set |

Defendant Raytheon Technical Services Company LLC, a Delaware limited liability company (erroneously sued as "Raytheon Technical Services Company, a California Corporation" and hereinafter referred to as "Defendant"), hereby answers the unverified Complaint ("Complaint") filed by The Estate of Mark Graziano, Helen Graziano, and Gary Graziano (collectively referred to hereinafter as "Plaintiffs"), in the above-captioned action as follows:

601357712v1

ANSWER OF DEFENDANT RAYTHEON TECHNICAL SERVICES COMPANY LLC TO
PLAINTIFFS' UNVERIFIED COMPLAINT

## GENERAL DENIAL OF ALLEGATIONS

1. Pursuant to the provisions of § 431.30 of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation of Plaintiffs' Complaint, and specifically denies that Defendant has injured Decedent Mark Graziano ("Decedent") or damaged Plaintiffs, or any of them, in any manner or amount or at all.

## AFFIRMATIVE DEFENSES

As separate affirmative defenses to each purported cause of action contained in the complaint, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

#### [Failure to State a Cause Of Action]

2. The Complaint, and each cause of action purportedly stated therein, fails to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### [Improper Venue]

3. Venue is improper in this Court.

### THIRD AFFIRMATIVE DEFENSE

#### (Lack of Subject Matter Jurisdiction)

4. Plaintiffs' claims are barred or limited, in whole or in part, for lack of subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

#### (Government Contractor Defense)

5. The claims made by Plaintiffs, and each of them, against this Defendant are barred by the doctrine known as the Government Contractor Defense, adopted by the United States Supreme Court in the case of *Boyle v. United Technologies Corp.*, 108 S. Ct. 2510 (1988) and applied to maintenance contracts in *Hudgens v. Bell Helicopters/Textron*, 328 F. 3d 1329 (11th Cir. 2003), and such doctrine precludes a finding of liability on the part of this Defendant for any damages to Plaintiffs.

601357712v1

ANSWER OF DEFENDANT RAYTHEON TECHNICAL SERVICES COMPANY LLC TO
PLAINTIFFS' UNVERIFIED COMPLAINT

1

## FIFTH AFFIRMATIVE DEFENSE

2      6.      Any services Defendant provided to the United States Government (*i.e.* US

3  Air Force) were procured by the United States Government, which was sophisticated and

4  knowledgeable concerning the use of, and potential hazards of, aircraft maintenance.

5  Defendant reasonably relied upon the sophistication of the United States Government and is

6  not responsible for any failure of the United States Government to warn or take proper

7  precautions for the protection of its own employees or service members, including

8  Decedent.

9

## SIXTH AFFIRMATIVE DEFENSE

10     7.      Any services Defendant provided to the United States Government (*i.e.* US

11 Air Force) that Plaintiffs alleged to have been a cause of their damages were performed

12 under and in conformity with the direction and control of the United States Government,

13 which at all material times had knowledge superior to that of Defendant with respect to the

14 potential hazards of aircraft maintenance; accordingly, no liability can be imposed upon

15 Defendant.

16

## SEVENTH AFFIRMATIVE DEFENSE

17     8.      Defendant had no duty to warn and/or satisfied any such duty to warn the

18 Government of any danger in relying on the maintenance procedures utilized because

19 Defendant had no actual knowledge that the Government did not have regarding any danger

20 in relying on those procedures.

21

## EIGHTH AFFIRMATIVE DEFENSE

22

### [Claims Barred by Statutes of Limitations]

23     9.      The Complaint, and each cause of action stated therein, is barred by the

24 applicable statutes of limitations, including but not limited to:  Code of Civil Procedure

25 sections 312, 335.1, 337, 338, 338.1, 339, 340, 343 and 345, and relevant statutes of

26 limitation under federal law.

27

28

601357712v1

ANSWER OF DEFENDANT RAYTHEON TECHNICAL SERVICES COMPANY LLC TO
PLAINTIFFS' UNVERIFIED COMPLAINT

1

## NINTH AFFIRMATIVE DEFENSE

2

### [*Res Judicata*]

3      10.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of *res*

4   *judicata* and collateral estoppel.

5

## TENTH AFFIRMATIVE DEFENSE

6

### [Laches]

7      11.      Plaintiffs, and each of them, have unreasonably delayed the commencement

8   of this action and prejudiced Defendant, and accordingly the Complaint and each cause of

9   action stated therein is barred by the doctrine of laches.

10

## ELEVENTH AFFIRMATIVE DEFENSE

11

### [Waiver of Claims]

12      12.      Plaintiffs, and each of them, by their acts, conduct and omissions, have

13   waived the claims alleged in the Complaint and each cause of action stated therein.

14

## TWELFTH AFFIRMATIVE DEFENSE

15

### [Claims Are Uncertain and Ambiguous]

16      13.      The Complaint, and each cause of action stated therein, is ambiguous and

17   uncertain.

18

## THIRTEENTH AFFIRMATIVE DEFENSE

19

### [Lack of Standing]

20      14.      Plaintiffs, and each of them, lack standing to bring some or all of the claims

21   alleged.

22

## FOURTEENTH AFFIRMATIVE DEFENSE

23

### [Estoppel]

24      15.      Plaintiffs, and each of them, by their acts, conduct and omissions, are

25   estopped from asserting the claims alleged in the Complaint and each cause of action stated

26   therein.

27

28

601357712v1

Ex. C, Pg. 45

ANSWER OF DEFENDANT RAYTHEON TECHNICAL SERVICES COMPANY LLC TO
PLAINTIFFS' UNVERIFIED COMPLAINT

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2

### [Failure to Mitigate Damages]

3    16.    The damages, if any, sustained by Plaintiffs, and each of them, are

4  completely or in part the product of Plaintiffs' failure to mitigate as required by law.

5

## SIXTEENTH AFFIRMATIVE DEFENSE

6

### [Independent, Intervening or Superseding Cause]

7    17.    The injuries, if any, sustained by the Decedent, and the damages, if any,

8  sustained by Plaintiffs, and each of them, were proximately caused by an unforeseeable,

9  independent, intervening and/or superseding event beyond the control, and unrelated to any

10  conduct, of Defendant.  Defendant's actions, if any, were superseded by such conduct or

11  events.

12

## SEVENTEENTH AFFIRMATIVE DEFENSE

13

### [Negligence of Decedent]

14    18.    Any damages that Plaintiffs, and each of them, may have sustained, as

15  alleged in the Complaint, were proximately caused by the negligence and fault of the

16  Decedent.  The Decedent failed and neglected to exercise ordinary care, caution and

17  prudence with respect to the products, injuries and matters alleged in the Complaint.

18

## EIGHTEENTH AFFIRMATIVE DEFENSE

19

### [Negligence of Others]

20    19.    Any damages that Plaintiffs, and each of them, may have sustained, as

21  alleged in the Complaint, to the extent not caused by the negligence and fault of Decedent,

22  were proximately caused by the negligence, fault or defective products of persons or

23  entities other than Defendant, over whom Defendant had no control, and for whose

24  negligence, fault and defective products Defendant is not responsible.

25

## NINETEENTH AFFIRMATIVE DEFENSE

26

### [Assumption of Risk]

27    20.    The Decedent knowingly assumed the risk of any injury or death arising

28  from the conduct and events alleged in the Complaint.

601357712v1

Ex. C - Pg. 46

## TWENTIETH AFFIRMATIVE DEFENSE

### [Unavoidable Accident]

21.     The injuries and damages, if any, as alleged in the Complaint, were the result of an unavoidable accident and therefore the request relief should be denied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### [No Proximate Cause]

22.     The injuries and damages, if any, as alleged in the Complaint, were not caused or contributed to by Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Failure to Join Indispensible Party]

23.     The Complaint fails to join a party in whose absence complete relief cannot be accorded.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### [Preemption]

24.     The claims of Plaintiffs are preempted by applicable federal law, statutes and regulations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### [Recovery Limited to Proportionate Fault]

25.     Defendant denies any and all liability to Plaintiffs, but if Defendant is found liable, the responsibility and fault of Defendant is small in proportion to the responsibility and fault of all other persons and entities who contributed to Plaintiffs' damages, and Plaintiffs, and each of them, are limited in their recovery against Defendant to a proportion of Plaintiffs' claimed damages which is no greater than Defendant's proportionate share of the fault of all persons and entities who contributed to Plaintiffs alleged damages.

1          **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2          **[Conformance with Governmental Regulations/Industry Standards]**

3          26.    All activities of Defendant, as alleged in the Complaint, conformed to

4     statutes, governmental regulations and industry standards based upon the state of

5     knowledge existing at the time alleged in the Complaint.

6          **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

7          **[No Reasonable Reliance]**

8          27.    Decedent did not reasonably rely on any representations, disclaimers,

9     warnings, or other acts or omissions of Defendant.

10         **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

11         **[Set-Off; Collateral Source]**

12         28.    Defendant is entitled to a set-off, should any damages be awarded against it,

13    for the entire amount of all damages or settlement amounts recovered by Plaintiffs with

14    respect to the injuries and damages alleged in Plaintiffs' Complaint; and Defendant also is

15    entitled to have any damages that may be awarded against it reduced by the value of any

16    benefit or payment to Plaintiffs from any collateral source with respect to the injuries and

17    damages alleged in the Complaint.

18         **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

19         **[Punitive Damages Unconstitutional]**

20         29.    Under the circumstances of this case, the imposition of punitive damages

21    upon Defendant, as sought in the Complaint, would violate the Constitutions of the United

22    States of America and the State of California; including, without limitation, the Due

23    Process and Equal Protection provisions of those constitutions, and the 5th, 8th and 14th

24    Amendments to the U.S. Constitution.

25         **TWENTY-NINTH AFFIRMATIVE DEFENSE**

26         **[Laws of Other Jurisdictions]**

27         30.    Plaintiffs' action may be governed, in whole or in part, by the laws of

28    jurisdictions other than California.  Pursuant to Rule 44.1 of the Federal Rules of Civil

601357712v1

Ex. C, Pg. 48

ANSWER OF DEFENDANT RAYTHEON TECHNICAL SERVICES COMPANY LLC TO
PLAINTIFFS' UNVERIFIED COMPLAINT

1  Procedure, Defendant gives notice that it may raise issues in this action concerning the laws

2  of other jurisdictions.

3  **THIRTIETH AFFIRMATIVE DEFENSE**

4  **[Open and Obvious Danger]**

5       31.    At all times relevant to the alleged conditions, conduct or injuries, Decedent

6  had or should have had notice and knowledge of the risks and dangers, if any, associated

7  with such conditions, conduct and injuries because any such risk or danger was open,

8  obvious and apparent to Decedent, he appreciated the danger or risk, and he voluntarily

9  assumed any such danger or risk.

10  **THIRTY-FIRST AFFIRMATIVE DEFENSE**

11  **[Reservation of Defenses]**

12       32.    Defendant reserves the right to amend its Answer to assert additional

13  affirmative defenses once it determines the particulars of Plaintiffs' claims, which are not

14  apparent on the face of Plaintiffs' Complaint.

15

16      **WHEREFORE,** Defendant prays for judgment as follows:

17      1.    Plaintiffs take nothing by reason of the Complaint filed herein, and the

18  Complaint be dismissed;

19      2.    Judgment be entered in favor of Defendant;

20      3.    Defendant be awarded its costs of suit incurred herein;

21      4.    Any judgment for damages entered against Defendant not exceed an amount

22  equivalent to its proportionate share of the combined responsibility and fault of all persons

23  and entities which proximately caused or contributed to Plaintiffs' damages, if any;

24      5.    The total amount of damages, if any, sustained by each plaintiff as a result of

25  the matters alleged in the Complaint be reduced proportionately by the percentage of

26  negligence and fault attributable to Decedent, and to all other persons and entities which are

27  not party defendants to this action at the time of judgment for plaintiff, if any, is rendered;

28

601357712v1

ANSWER OF DEFENDANT RAYTHEON TECHNICAL SERVICES COMPANY LLC TO

1        6.    For such other and further relief as the Court deems proper.

2    Dated:  December 17, 2010.

3                        PILLSBURY WINTHROP SHAW PITTMAN LLP
                       J. RICHARD MORRISSEY

4                        CAROLINE L. PLANT

5

6                    By _____
                           J. Richard Morrissey
                       Attorneys for Defendant

7                    RAYTHEON TECHNICAL SERVICES COMPANY
                LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANT RAYTHEON TECHNICAL SERVICES COMPANY LLC TO
PLAINTIFFS' UNVERIFIED COMPLAINT

Docket No. BC448602

PROOF OF SERVICE

I am employed in the City of Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Pillsbury Winthrop Shaw Pittman LLP, 725 South Figueroa Street, Suite 2800, Los Angeles, CA 90017-5406. On December 17, 2010, I served the documents titled **ANSWER OF DEFENDANT RAYTHEON TECHNICAL SERVICES COMPANY LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT** on the parties in this action as follows:

BRYAN CAVE LLP
Shalem A. Massey
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414

BRYAN CAVE LLP
James C. Pettis
120 Broadway, Suite 300
Los Angeles, CA 90401-2386

STOLL, NUSSBAUM & POLAKOV, APC
Robert J. Stoll, Jr.
Matthew C. Stoll
11601 Wilshire Boulevard, Suite 200
Los Angeles, CA 90025

X-LAW GROUP, P.C.
Filippo Marchino
633 West 5th Street, Suite 2629
Los Angeles, CA 90071

☒ **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, CA. I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error to the numbers listed above.

☐ **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via electronic transmission to the persons at the electronic-email addresses indicated above.

☐ **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by _____ to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed forthwith.

Ex.: C; Pg.: 51

601357788v1

1    ☐    **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury
Winthrop Shaw Pittman LLP for collection and processing of correspondence for
2    overnight delivery and know that the document(s) described herein will be deposited in
a box or other facility regularly maintained by <u>FedEx</u> for overnight delivery.

3

4    I declare under penalty of perjury that the foregoing is true and correct.  Executed

5    this 17th day of December, 2010, at Los Angeles, California.

6

7                                                     _Diane Barraza_
8                                                     Diane Barraza

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

601357788v1

1    PILLSBURY WINTHROP SHAW PITTMAN LLP
     J. RICHARD MORRISSEY  SBN 39286
2    CAROLINE L. PLANT SBN 247358
     725 South Figueroa Street, Suite 2800
3    Los Angeles, CA  90017-5406
     Telephone: (213) 488-7100
4    Facsimile: (213) 629-1033

5    Attorneys for Defendant
     JT3 LLC

6

7

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

DEC 17 2010

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
   DOROTHY SWAIN

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF LOS ANGELES

10

11

12   THE ESTATE OF MARK GRAZIANO, et              No. BC448602
     al.,
13                                                **ANSWER OF DEFENDANT JT3**
                            Plaintiffs,           **LLC TO PLAINTIFFS'**
14                                                **UNVERIFIED COMPLAINT**
15          vs.                                   Judge:   Hon. Maureen Duffy-Lewis
                                                  Dept.: 38
16   JT3 L.L.C.; etc.; et al.,                    Complaint Filed:  Nov. 3, 2010
                                                  Trial Date: None set
17                          Defendants.
18
19
20
21
22
23          Defendant JT3 LLC, a Delaware limited liability company (erroneously sued as

24   "JT3 L.L.C., a California Limited Liability Corporation" and hereinafter referred to as

25   "Defendant"), hereby answers the unverified Complaint ("Complaint"), filed by Plaintiffs

26   The Estate of Mark Graziano, Helen Graziano, and Gary Graziano (collectively referred to

27   hereinafter as "Plaintiffs"), in the above-captioned action as follows:

28

601357709v1                          Ex. C; Pg. 53
     ANSWER OF DEFENDANT JT3 LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT

1

## GENERAL DENIAL OF ALLEGATIONS

2      1.      Pursuant to the provisions of § 431.30 of the California Code of Civil

3   Procedure, Defendant denies, generally and specifically, each and every allegation of

4   Plaintiffs' Complaint, and specifically denies that Defendant has injured Decedent "Mark

5   Graziano ("Decedent") or damaged Plaintiffs, or any of them, in any manner or amount or

6   at all.

7                          **AFFIRMATIVE DEFENSES**

8      As separate affirmative defenses to each purported cause of action contained in the

9   complaint, Defendant alleges as follows:

10                    **FIRST AFFIRMATIVE DEFENSE**

11                  **[Failure to State a Cause Of Action]**

12      2.      The Complaint, and each cause of action purportedly stated therein, fails to

13   state a claim for which relief may be granted.

14                   **SECOND AFFIRMATIVE DEFENSE**

15                         **[Improper Venue]**

16      3.      Venue is improper in this Court.

17                    **THIRD AFFIRMATIVE DEFENSE**

18                  **(Lack of Subject Matter Jurisdiction)**

19      4.      Plaintiffs' claims are barred or limited, in whole or in part, for lack of

20   subject matter jurisdiction.

21                   **FOURTH AFFIRMATIVE DEFENSE**

22                  **(Government Contractor Defense)**

23      5.      The claims made by Plaintiffs, and each of them, against this Defendant are

24   barred by the doctrine known as the Government Contractor Defense, adopted by the

25   United States Supreme Court in the case of *Boyle v. United Technologies Corp.*, 108 S. Ct.

26   2510 (1988) and applied to maintenance contracts in *Hudgens v. Bell Helicopters/Textron*,

27   328 F. 3d 1329 (11th Cir. 2003), and such doctrine precludes a finding of liability on the

28   part of this Defendant for any damages to Plaintiffs.

ANSWER OF DEFENDANT JT3 LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT

1

### FIFTH AFFIRMATIVE DEFENSE

2      6.      Any services Defendant provided to the United States Government (*i.e.* US

3   Air Force) were procured by the United States Government, which was sophisticated and

4   knowledgeable concerning the use of, and potential hazards of, aircraft maintenance.

5   Defendant reasonably relied upon the sophistication of the United States Government and is

6   not responsible for any failure of the United States Government to warn or take proper

7   precautions for the protection of its own employees or service members, including

8   Decedent.

9

### SIXTH AFFIRMATIVE DEFENSE

10      7.      Any services Defendant provided to the United States Government (*i.e.* US

11   Air Force) that Plaintiffs alleged to have been a cause of their damages were performed

12   under and in conformity with the direction and control of the United States Government,

13   which at all material times had knowledge superior to that of Defendant with respect to the

14   potential hazards of aircraft maintenance; accordingly, no liability can be imposed upon

15   Defendant.

16

### SEVENTH AFFIRMATIVE DEFENSE

17      8.      Defendant had no duty to warn and/or satisfied any such duty to warn the

18   Government of any danger in relying on the maintenance procedures utilized because

19   Defendant had no actual knowledge that the Government did not have regarding any danger

20   in relying on those procedures.

21

### EIGHTH AFFIRMATIVE DEFENSE

22

### [Claims Barred by Statutes of Limitations]

23      9.      The Complaint, and each cause of action stated therein, is barred by the

24   applicable statutes of limitations, including but not limited to:  Code of Civil Procedure

25   sections 312, 335.1, 337, 338, 338.1, 339, 340, 343 and 345, and relevant statutes of

26   limitation under federal law.

27

28

601357709v1                                 - 3 -

ANSWER OF DEFENDANT HTS LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT

1

**NINTH AFFIRMATIVE DEFENSE**

2

[*Res Judicata*]

3      10.      Plaintiffs' claims are barred, in whole or in part, by the doctrine of *res*

4  *judicata* and collateral estoppel.

5

**TENTH AFFIRMATIVE DEFENSE**

6

[Laches]

7      11.      Plaintiffs, and each of them, have unreasonably delayed the commencement

8  of this action and prejudiced Defendant, and accordingly the Complaint and each cause of

9  action stated therein is barred by the doctrine of laches.

10

**ELEVENTH AFFIRMATIVE DEFENSE**

11

[Waiver of Claims]

12      12.      Plaintiffs, and each of them, by their acts, conduct and omissions, have

13  waived the claims alleged in the Complaint and each cause of action stated therein.

14

**TWELFTH AFFIRMATIVE DEFENSE**

15

[Claims Are Uncertain and Ambiguous]

16      13.      The Complaint, and each cause of action stated therein, is ambiguous and

17  uncertain.

18

**THIRTEENTH AFFIRMATIVE DEFENSE**

19

[Lack of Standing]

20      14.      Plaintiffs, and each of them, lack standing to bring some or all of the claims

21  alleged.

22

**FOURTEENTH AFFIRMATIVE DEFENSE**

23

[Estoppel]

24      15.      Plaintiffs, and each of them, by their acts, conduct and omissions, are

25  estopped from asserting the claims alleged in the Complaint and each cause of action stated

26  therein.

27

28

601357709v1

- 4 -

Ex. C - Pg. 56

ANSWER OF DEFENDANT TTS LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT

1            **FIFTEENTH AFFIRMATIVE DEFENSE**

2            **[Failure to Mitigate Damages]**

3       16.     The damages, if any, sustained by Plaintiffs, and each of them, are

4 completely or in part the product of Plaintiffs' failure to mitigate as required by law.

5            **SIXTEENTH AFFIRMATIVE DEFENSE**

6         **[Independent, Intervening or Superseding Cause]**

7       17.     The injuries, if any, sustained by the Decedent, and the damages, if any,

8 sustained by Plaintiffs, and each of them, were proximately caused by an unforeseeable,

9 independent, intervening and/or superseding event beyond the control, and unrelated to any

10 conduct, of Defendant. Defendant's actions, if any, were superseded by such conduct or

11 events.

12          **SEVENTEENTH AFFIRMATIVE DEFENSE**

13              **[Negligence of Decedent]**

14       18.     Any damages that Plaintiffs, and each of them, may have sustained, as

15 alleged in the Complaint, were proximately caused by the negligence and fault of the

16 Decedent. The Decedent failed and neglected to exercise ordinary care, caution and

17 prudence with respect to the products, injuries and matters alleged in the Complaint.

18          **EIGHTEENTH AFFIRMATIVE DEFENSE**

19              **[Negligence of Others]**

20       19.     Any damages that Plaintiffs, and each of them, may have sustained, as

21 alleged in the Complaint, to the extent not caused by the negligence and fault of Decedent,

22 were proximately caused by the negligence, fault or defective products of persons or

23 entities other than Defendant, over whom Defendant had no control, and for whose

24 negligence, fault and defective products Defendant is not responsible.

25          **NINETEENTH AFFIRMATIVE DEFENSE**

26              **[Assumption of Risk]**

27       20.     The Decedent knowingly assumed the risk of any injury or death arising

28 from the conduct and events alleged in the Complaint.

ANSWER OF DEFENDANT JT3 LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT

## TWENTIETH AFFIRMATIVE DEFENSE

### [Unavoidable Accident]

21.     The injuries and damages, if any, as alleged in the Complaint, were the result of an unavoidable accident and therefore the request relief should be denied.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### [No Proximate Cause]

22.     The injuries and damages, if any, as alleged in the Complaint, were not caused or contributed to by Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### [Failure to Join Indispensible Party]

23.     The Complaint fails to join a party in whose absence complete relief cannot be accorded.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### [Preemption]

24.     The claims of Plaintiffs are preempted by applicable federal law, statutes and regulations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### [Recovery Limited to Proportionate Fault]

25.     Defendant denies any and all liability to Plaintiffs, but if Defendant is found liable, the responsibility and fault of Defendant is small in proportion to the responsibility and fault of all other persons and entities who contributed to Plaintiffs' damages, and Plaintiffs, and each of them, are limited in their recovery against Defendant to a proportion of Plaintiffs' claimed damages which is no greater than Defendant's proportionate share of the fault of all persons and entities who contributed to Plaintiffs alleged damages.

ANSWER OF DEFENDANT FH5 LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT

1    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

2    **[Conformance with Governmental Regulations/Industry Standards]**

3        26.    All activities of Defendant, as alleged in the Complaint, conformed to

4    statutes, governmental regulations and industry standards based upon the state of

5    knowledge existing at the time alleged in the Complaint.

6    **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

7    **[No Reasonable Reliance]**

8        27.    Decedent did not reasonably rely on any representations, disclaimers,

9    warnings, or other acts or omissions of Defendant.

10   **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

11   **[Set-Off; Collateral Source]**

12       28.    Defendant is entitled to a set-off, should any damages be awarded against it,

13   for the entire amount of all damages or settlement amounts recovered by Plaintiffs with

14   respect to the injuries and damages alleged in Plaintiffs' Complaint; and Defendant also is

15   entitled to have any damages that may be awarded against it reduced by the value of any

16   benefit or payment to Plaintiffs from any collateral source with respect to the injuries and

17   damages alleged in the Complaint.

18   **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

19   **[Punitive Damages Unconstitutional]**

20       29.    Under the circumstances of this case, the imposition of punitive damages

21   upon Defendant, as sought in the Complaint, would violate the Constitutions of the United

22   States of America and the State of California; including, without limitation, the Due

23   Process and Equal Protection provisions of those constitutions, and the 5th, 8th and 14th

24   Amendments to the U.S. Constitution.

25   **TWENTY-NINTH AFFIRMATIVE DEFENSE**

26   **[Laws of Other Jurisdictions]**

27       30.    Plaintiffs' action may be governed, in whole or in part, by the laws of

28   jurisdictions other than California. Pursuant to Rule 44.1 of the Federal Rules of Civil

1  Procedure, Defendant gives notice that it may raise issues in this action concerning the laws
2  of other jurisdictions.

3                                **THIRTIETH AFFIRMATIVE DEFENSE**
4                                    **[Open and Obvious Danger]**

5        31.    At all times relevant to the alleged conditions, conduct or injuries, Decedent
6  had or should have had notice and knowledge of the risks and dangers, if any, associated
7  with such conditions, conduct and injuries because any such risk or danger was open,
8  obvious and apparent to Decedent, he appreciated the danger or risk, and he voluntarily
9  assumed any such danger or risk.

10                              **THIRTY-FIRST AFFIRMATIVE DEFENSE**
11                                    **[Reservation of Defenses]**

12       32.    Defendant reserves the right to amend its Answer to assert additional
13  affirmative defenses once it determines the particulars of Plaintiffs' claims, which are not
14  apparent on the face of Plaintiffs' Complaint.

15

16       **WHEREFORE**, Defendant prays for judgment as follows:
17       1.     Plaintiffs take nothing by reason of the Complaint filed herein, and the
18  Complaint be dismissed;
19       2.     Judgment be entered in favor of Defendant;
20       3.     Defendant be awarded its costs of suit incurred herein;
21       4.     Any judgment for damages entered against Defendant not exceed an amount
22  equivalent to its proportionate share of the combined responsibility and fault of all persons
23  and entities which proximately caused or contributed to Plaintiffs' damages, if any;
24       5.     The total amount of damages, if any, sustained by each plaintiff as a result of
25  the matters alleged in the Complaint be reduced proportionately by the percentage of
26  negligence and fault attributable to Decedent, and to all other persons and entities which are
27  not party defendants to this action at the time of judgment for plaintiff, if any, is rendered;
28

                ANSWER OF DEFENDANT JT3 LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT

1    6.    For such other and further relief as the Court deems proper.

2

3

Dated: December 17, 2010.

4

5                                    PILLSBURY WINTHROP SHAW PITTMAN LLP
                                     J. RICHARD MORRISSEY
                                     CAROLINE L. PLANT

6
                                     By
7                                            J. Richard Morrissey
                                             Attorneys for Defendant
8                                            JT3 LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

601357709v1                          - 9 -

ANSWER OF DEFENDANT JT3 LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT

Docket No. BC448602

<u>PROOF OF SERVICE</u>

I am employed in the City of Los Angeles, State of California, in the office of a member of the bar of this Court, at whose direction the service was made. I am over the age of eighteen years, and not a party to the within action. My business address is Pillsbury Winthrop Shaw Pittman LLP, 725 South Figueroa Street, Suite 2800, Los Angeles, CA 90017-5406.  On December 17, 2010, I served the documents titled **ANSWER OF DEFENDANT JT3 LLC TO PLAINTIFFS' UNVERIFIED COMPLAINT** on the parties in this action as follows:

BRYAN CAVE LLP
Shalem A. Massey
3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414

BRYAN CAVE LLP
James C. Pettis
120 Broadway, Suite 300
Los Angeles, CA 90401-2386

STOLL, NUSSBAUM & POLAKOV, APC
Robert J. Stoll, Jr.
Matthew C. Stoll
11601 Wilshire Boulevard, Suite 200
Los Angeles, CA 90025

X-LAW GROUP, P.C.
Filippo Marchino
633 West 5th Street, Suite 2629
Los Angeles, CA 90071

☒ **(BY MAIL)** I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, CA. I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

☐ **(BY FACSIMILE)** The above-referenced document was transmitted by facsimile transmission and the transmission was reported as complete and without error to the numbers listed above.

☐ **(BY EMAIL TRANSMISSION)** The above-referenced document was transmitted via electronic transmission to the persons at the electronic-email addresses indicated above.

☐ **(BY PERSONAL SERVICE)** I delivered to an authorized courier or driver authorized by _____ to receive documents to be delivered on the same date. A proof of service signed by the authorized courier will be filed forthwith.

Ex.: C; Pg.: 62

601357788v1

☐  **(BY OVERNIGHT COURIER)** I am readily familiar with the practice of Pillsbury Winthrop Shaw Pittman LLP for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by <u>FedEx</u> for overnight delivery.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 17th day of December, 2010, at Los Angeles, California.

_Diane Barraza_
Diane Barraza

Ex.: C; Pg.: 63